NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1853
_____

UNITED STATES OF AMERICA

v.

CRAIG DEVLIN,
                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-18-cr-00081-001)
District Judge:  Hon. Christopher C. Conner
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 13, 2020

Before:  JORDAN, GREENAWAY, JR., and KRAUSE, *Circuit Judges.*

(Filed: January 16, 2020)
_____

OPINION*
_____

_____

    * This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Craig Devlin appeals from the revocation of his supervised release and the imposition of a term of imprisonment and further period of supervised release. His attorney has moved to withdraw as counsel, pursuant to the Supreme Court's decision in *Anders v. California*, 386 U.S. 738 (1967). Because there are no nonfrivolous issues to appeal, we will grant the motion to withdraw and will affirm the judgment of the District Court.

I.      **BACKGROUND**

In 2011, Devlin pled guilty in the United States District Court for the District of Maryland to conspiring to distribute and to possess heroin with intent to distribute. He was sentenced to 70 months in prison, followed by a 4-year term of supervised release. In March of 2018, the United States District Court for the Middle District of Pennsylvania accepted jurisdiction over Devlin's supervised release. Soon after, he was in trouble: he used illegal drugs, failed to submit to drug testing, and lied to his probation officer. He admitted to those violations and was subsequently sentenced to 6 months imprisonment and a further term of supervised release of 24 months.

Devlin completed his term of imprisonment without incident. But, once outside of prison, he again violated the terms of his supervised release. He failed to report to the probation office within 72 hours of his release from custody, and he subsequently tested positive for using drugs. A couple of months later, he once again failed to report to the probation office and failed to inform them of a change in his employment status. The probation office accordingly petitioned the District Court for a bench warrant. [App. at

2

39.] Instead, the Court issued a summons. When Devlin failed to appear in court on March 1, 2019, a warrant was issued for his arrest. In addition to the other violations cited in the summons, on March 26 2019, before appearing in court, Devlin admitted to recent drug use, which was confirmed by a drug test.

Appearing before the District Court, Devlin confirmed that he understood the charges against him and that he was entitled to a hearing on them. He then waived his right to a full hearing. He admitted to Grade C violations of the terms of his supervised release and requested a sentence of 8 months in prison with no subsequent period of supervision. The Court correctly identified the imprisonment range under the Sentencing Guidelines as 6 to 12 months. The Court imposed the 8-month sentence of imprisonment that Devlin asked for but also imposed 12 months of supervised release, with 90 days of that period to be served in a halfway house. The Court reasoned that the additional period of supervised release was necessary in light of Devlin's repeated relapses and struggle with drug addiction.

Devlin now appeals.

## II.    DISCUSSION[1]

Counsel may seek to withdraw from the representation of a criminal defendant when there are no nonfrivolous issues to appeal. *Anders*, 386 U.S. at 744. When counsel thus invokes *Anders* we first determine whether the requirements of our Local Appellate

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). The District Court had jurisdiction pursuant to 18 U.S.C. §§ 3583(e) and 3605.

3

Rule 109.2(a) have been fulfilled.[2]  Second, we examine "whether an independent review of the record presents any nonfrivolous issues."[3]  *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).  "We exercise plenary review to determine whether there are any such issues."  *Simon v. Gov't of the V.I.*, 679 F.3d 109, 114 (3d Cir. 2012) (citing *Penson v. Ohio*, 488 U.S. 75, 80-83 & n.6 (1988)).  And when an *Anders* brief is adequate on its face, our review of the record is guided by the brief itself.  *United States v. Coleman*, 575 F.3d 316, 321 (3d Cir. 2009).

## A.    The *Anders* Brief Is Adequate

The first step of our review reveals that counsel's *Anders* brief contains an adequate examination of the record and of issues that arguably might support an appeal.

---

[2] The Third Circuit Local Appellate Rule 109.2(a) states:

> Where, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), which must be served upon the appellant and the United States.  The United States must file a brief in response.  Appellant may also file a brief in response pro se.  After all briefs have been filed, the clerk will refer the case to a merits panel.  If the panel agrees that the appeal is without merit, it will grant counsel's *Anders* motion, and dispose of the appeal without appointing new counsel.  If the panel finds arguable merit to the appeal, or that the *Anders* brief is inadequate to assist the court in its review, it will appoint substitute counsel, order supplemental briefing and restore the case to the calendar.  The panel will also determine whether to continue the appointment of current counsel or to direct the clerk to discharge current counsel and appoint new counsel.

[3] Whether an issue is frivolous is a question informed by the standard of review for each potential claim raised.  *See United States v. Schuh*, 289 F.3d 968, 974-76 (7th Cir. 2002) (determining that the issue on appeal would be frivolous when reviewed for plain error).

Counsel represents that he has reviewed Devlin's case, and that he has not been able to identify any viable issues to appeal. Specifically, he concludes that 1) the District Court had jurisdiction; 2) Devlin's waiver of a hearing and admissions relating to the supervised release violations were valid and voluntary; and 3) the sentence imposed by the District Court was both legal and reasonable. Our independent review of the record confirms each of those conclusions.

**B.      Our Independent Review Reveals No Nonfrivolous Issues**

None of the potential issues identified by counsel has any merit, and Devlin has declined to file a pro se brief.

1.  The District Court Had Jurisdiction

The District Court had the authority to terminate, extend, or revoke Devlin's term of supervised release. 18 U.S.C § 3583(e)(1)-(3). No one disputes, or reasonably could dispute, that the Court had subject matter jurisdiction. As for personal jurisdiction, although Devlin was originally convicted in Maryland, the Middle District of Pennsylvania accepted jurisdiction under 18 U.S.C. § 3605. The Court thus properly exercised jurisdiction over Devlin.

2.  Devlin's Admissions Were Voluntary

When revoking a defendant's supervised release, a district court must ordinarily find by a preponderance of the evidence that the defendant violated the terms of his release. *Johnson v. United States*, 529 U.S. 694, 700 (2000). But when a defendant admits to the charged violations, the court's duty is simply to ensure that the admission

5

was counseled and voluntary. *United States v. Broce*, 488 U.S. 563, 569 (1989). And here, there is no basis to conclude that it was not.

Devlin was represented by counsel at the hearing. His lawyer at the time represented to the Court that she had explained to him his right to a full revocation hearing. The Court also addressed Devlin to make sure he understood his rights and the accusations against him. Devlin responded that he wished to admit to the Grade C violations for which he was ultimately sentenced. His admission was accordingly both counseled and voluntary.

### 3. The Sentence Imposed by the Court Was Reasonable

To determine whether a sentence is reasonable, we examine "whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007). If the record demonstrates that the District Court did consider those factors, we then examine whether the Court reasonably applied them. *United States v. Bungar*, 478 F.3d 540, 543 (3d Cir. 2007). In the present record, there is nothing to suggest that the District Court's sentence was unreasonable.

Both Devlin and the Government agreed that the relevant guidelines range was 6 to 12 months. And the Court ultimately imposed the 8-month sentence that Devlin himself requested. The only contested portions of the sentence are the further 12-month term of supervised release and the 90-day period in a halfway house. The District Court had the authority to impose both conditions, 18 U.S.C. § 3583(e), (h), and it gave reasoned consideration to the relevant factors in imposing the sentence. The Court was

6

specifically concerned that Devlin "suffer[ed] from a long term addiction problem" and that, "because of the dangers of continued drug use," it was necessary to have "an additional term of supervision[.]" (App. at 47.) The sentence the Court imposed was clearly reasonable, both procedurally and substantively.

## III.    CONCLUSION

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm the judgment of the District Court.